UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STARLENE G. TAYLOR,<br>a/k/a Gregory A. Taylor,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAMS, GILLYARD, PATTERSON,<br>SABAJA, and SABAJA,<br><br>Defendants. | CAUSE NO. 3:25-CV-64-PPS-APR |

## OPINION AND ORDER

Starlene G. Taylor filed an amended complaint without the assistance of a lawyer. [DE 5]. Because the amended complaint was filed within the time period in which she may file an amended complaint without leave of court, *see* Fed. R. Civ. P. 15(a)(1), I will screen the amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor alleges that she suffered a third-degree burn on her thumb on March 9, 2025. At a medical appointment, she was given an injection for the pain and was prescribed a special cream for burns as well as daily wound cleaning and bandage

changes. The daily treatment could be done only in medical. However, she alleges, Officer Gillyard, Officer Patterson, Officer Sabaja, and Officer Sabaja[1] never escorted her from D-Cellhouse Segregation Unit to the medical unit for her treatment.

One day, Taylor alleges, Lieutenant Hudson was escorting Taylor for wound care, and the lieutenant explicitly told Sergeant Williams that Taylor needed to be taken to medical on her days off. Sergeant Williams acknowledged that he heard her. However, Taylor was not taken to medical for wound care, and she developed a serious infection in her thumb that required hospitalization. She was given antibiotics and her thumb was almost amputated. Taylor seeks damages.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prove a violation of this right, a prisoner must show (1) she had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the second prong, deliberate indifference represents a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). Instead, the inmate must demonstrate "a culpability standard

---

[1] Taylor explains that the two Officer Sabajas are brothers.

akin to criminal recklessness." *Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*.

Here, Taylor has plausibly alleged that Officer Gillyard, Officer Patterson, Officer Sabaja, Officer Sabaja, and Sergeant Williams were deliberately indifferent to her serious medical needs by regularly failing to escort her to medical for wound care, resulting in an infection.

Taylor also names Warden Ron Neal as a defendant but does not mention him in the body of the complaint. It appears the warden is being sued solely because he oversees the prison. A claim under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). This means that supervisors cannot be held liable just because their subordinates may have violated the constitution; to be held liable a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There are no such allegations here concerning Warden Neal. He will be dismissed.

For these reasons, the court:

(1) **DIRECTS** the clerk to separately docket the amended complaint [DE 5];

(2) **GRANTS** Starlene G. Taylor leave to proceed against Officer Gillyard, Officer Patterson, Officer Sabaja, Officer Sabaja, and Sergeant Williams in their individual

capacities for compensatory and punitive damages for regularly failing to escort Taylor to the medical unit for prescribed wound care, resulting in her thumb becoming infected, in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** Ron Neal;

(5) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Gillyard, Officer Patterson, Officer Sabaja, Officer Sabaja, and Sergeant Williams at the Indiana Department of Correction, with a copy of this order and the complaint [DE 5];

(6) **ORDERS** the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Officer Gillyard, Officer Patterson, Officer Sabaja, Officer Sabaja, and Sergeant Williams to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED**.

ENTERED: December 29, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT